FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 SEP 12 AM 11: 20

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
SEPTEMBER 8, 2000
SCHWARTZ, J.

BILLY J. BOUDREAUX                          CIVIL ACTION

VERSUS                                      NO. 00-0024

AMERICON, INC., FURGO-McCLELLAND            SECTION "A"
MARINE GEOSCIENCES, INC. and
TRANSCOASTAL MARINE SERVICES, INC.

Before the Court is plaintiff's motion filed against defendants Americon, Inc., Hargett Mooring & Marine Services, and Furgo-McClelland Marine Geosciences, Inc. seeking an order striking the aforesaid defendants' defenses on account of their failure to attend their FRCP Rule 30(b)(6) depositions noticed by the plaintiff for the purpose of determining the extent of any insurance coverage and whether or not there were any indemnity agreements in place at the time of plaintiff's alleged accident. Plaintiff's counsel argues that despite service of the Rule 30(b)(6) notice of deposition on defense counsel, Robert Reich on July 25, 2000, no appearance was made by defense counsel on August 7, 2000 - the date of the scheduled deposition.

All of the defendants jointly filed a Memorandum in Opposition to the Motion to Strike Defenses noting that prior to the scheduling of the aforesaid FRCP Rule 30(b)(6) deposition by the plaintiff -- on or about June 20, 2000 -- a petition for Chapter

DATE OF ENTRY

SEP 1 2 2000

1



VII bankruptcy was filed by Hargett Mooring Marine, Inc. in the United States District Court for the Southern District of Texas. The matter is entitled "In Re: Hargett Mooring Marine, Inc." and numbered No. 00-35698 on the docket of the bankruptcy court. Also, defense counsel informs the Court that on or about August 2, 2000, Hargett filed with this Court a notice of bankruptcy stay pursuant to 11 U.S.C. § 362 (Rec.Doc.No. 18).

Under the circumstances, defense counsel believed that pursuant to § 362 the captioned proceedings in their entirety were automatically stayed on account the Hargett's filing of the Chapter 7 bankruptcy. Also, defense counsel notes that plaintiff's counsel acknowledged the fact that at the time of the scheduled depositions, he was in fact aware of the stay. Defense counsel informs the Court that by correspondence dated July 7, 2000 (Exhibit "A" to defendants' Opposition), plaintiff's counsel was advised of the bankruptcy and the automatic stay.[1] Also, on August 7, 2000, correspondence from Mr. Reich issued to plaintiff's counsel, which referred to defense counsel's letter July 27, 2000

---

[1] Indeed the copy of Mr. Reich's July 7, 2000 correspondence advised plaintiff's counsel that "Transcoastal Marine Service recently filed bankruptcy"; that its subsidiary, "Hargett has joined in the bankruptcy proceedings"; and that "the case at hand must be stayed." [Defendant's Exhibit "A"].

letter to the clerk of court which enclosed a Notice of Bankruptcy Stay for filing in connection with the captioned matter. It echoed defense counsel's earlier statement, that it was defense counsel's understanding that the captioned matter was automatically stayed.

Defense counsel argues that striking defendants' defenses, particularly under the circumstances detailed above, would be inappropriate. This is true, particularly in light of the fact that plaintiff's counsel was well-aware of the § 362 automatic bankruptcy stay well before steps were taken to notice the defendants' corporate depositions. It is the defendant's position that the automatic stay in bankruptcy should have at least precluded the noticing the aforesaid corporate deposition of Hargett Marine, in addition to the actual event scheduled for August 7th.

Plaintiff's counsel filed a supplemental memorandum in support arguing that the company which filed for Chapter 7 bankruptcy was named, "Hargett Mooring Marine, Inc.", is not a defendant in this case. Plaintiff's counsel also argues that even if it is related to one of the defendants -- that would not bring the proceedings to a halt with respect to the other two co-defendants.

The record belied plaintiff's counsel assertion that Hargett is not a target defendant in these proceedings. Defense counsel

aptly notes the Amended Answer [Rec.Doc.No. 7] filed March 17, 2000 noting the correct defendant and substituting "Hargett Mooring" instead of "Transcoastal Marine Services", the latter having been terminated as a defendant in this case on account of the aforesaid amended answer.  The Court further notes, as did counsel for the defendants in their supplemental opposition, plaintiff's counsel noticed the corporate deposition of Hargett, through its attorney of record, Robert Reich.

Additionally, the Court notes that early on and before plaintiff's counsel took any steps to notice the subject corporate depositions, he was notified by defense counsel in writing of the subject bankruptcy filing. Then again notice in that vein issued to plaintiff's counsel.  This Court's discerns no incivility and/or discourteous and/or cavalier attitude on defense counsel part.  The record is to the opposite effect.  It appears that at least on two occasions defense counsel conveyed in writing to plaintiff's counsel his intention not to appear at the scheduled depositions, and such was accomplished quite courteously and with accompanying reasons why the he believed the depositions should not go forward.

The term "cavalier attitude" penned by the plaintiff's counsel perhaps more aptly describe his own -- that is, in violating the

automatic stay by noticing the corporate deposition of the bankrupt defendant, Hargett Marine.

The automatic stay provision of section 362 is a key component of federal bankruptcy law. It imposes a moratorium on all actions **against the debtor** or its property and assets.

In <u>Matter of S.I. Acquisition, Inc.</u>, 817 F.2d 1142 (5th Cir. 1987), the Fifth Circuit addressed the issue as to whether a § 362(a)(1)[2] applied to joint tortfeasors as well as the bankrupt defendant. The Fifth Circuit explained that extending the automatic stay to non-bankrupt defendants, who were not related to or components of the debtor did not advance the underlying purposes of the automatic stay provisions. The Fifth Circuit summarized the law applicable to the § 362(a)(1) automatic stay as follows:

---

[2]The automatic stay provision in section 362 reads in relevant part:
> Except as provided in subsection (b) of this section, a petition filed under sections 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of -
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ....

> In summary, a section 362(a)(1) stay generally applies only to bar proceedings against the debtor, but some courts have recognized that in circumstances where the debtor and nonbankrupt party can be considered one entity or as having a unitary interest, a section 362(a)(1) stay may suspend the action against a nonbankrupt codefendant.

817 F.2d at 1148.

In the future, the parties should not hesitate to address any discovery dispute to this Court in some form when the situation first presents itself. It is apparent to the Court that both the counsel for the plaintiff and counsel for the defendants have some misinformation about the effect and scope of a § 362(a)(1) bankruptcy stay. Considering the foregoing and that counsel for the defendants has not identified any common identity or unitary interest warranting the application of the bankruptcy stay across the board to the non-bankrupt codefendants in this case,

IT IS ORDERED that the non-bankrupt codefendants, Furgo-McClelland Marine Geosciences, Inc., and Americon, Inc., shall comply with plaintiff's discovery requests seeking information as to insurance coverages and/or indemnity agreements which may or may not exist as between the co-defendants. This shall be accomplished as soon as practicable and in any event within 10 days of the date of entry of this minute entry order.

IT IS FURTHER ORDERED that the plaintiff's Motion to Strike Defenses is DENIED.

--------------